UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FREEDOM MORTGAGE CORPORATION,

        Plaintiff,

 vs.               1:23-CV-00041
                    (MAD/DJS)

HENRY F. WAGNER, if living and if any be dead,
any and all persons who are spouses, widows, grantees,
mortgagees, lienor, heirs, devisees, distributes, or
successors in interest of such of the above as may be
dead, and their spouses, heirs, devisees, distributees
and successors in interest, all of whom and whose
names and places of residences are unknown
to Plaintiff,

        Defendant.
_____

APPEARANCES:         OF COUNSEL:

**FRENKEL LAMBERT WEISS**   **ALEX ZAMENHOF, ESQ.**
**WEISMAN & GORDON LLP**   **TODD FALASCO, ESQ.**
53 Gibson Street
Bay Shore, New York 11706
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM DECISION AND ORDER

### I.  INTRODUCTION

  Plaintiff Freedom Mortgage Corporation commenced this foreclosure action on January 11, 2023, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL") to foreclose a mortgage encumbering 22 Navara Street, Kingston, New York 12401 (the "Property"), together with the land, buildings, and other improvements located on the Property.  *See* Dkt. No. 1 at ¶ 1.  According to the complaint, on November 29, 2021, Defendant

1

executed a note promising to pay $262,500.00 plus interest to the lender. *See id.* at ¶ 6. As security for the note, a mortgage on the property, including the land, buildings, and other improvements located on the property, was also executed and delivered by Defendant. *See id.* at ¶ 7. The mortgage was subsequently assigned to Plaintiff. *See id.* at ¶ 8. Defendant defaulted under the terms of the note and mortgage by failing to tender the monthly payment that was due on July 1, 2022, and failing to tender any subsequent monthly payments. *See id.* at ¶ 9. Pursuant to the terms of the note and mortgage, Plaintiff accelerated the payments and declared due the entire amount owed on the note. *See id.* at ¶ 10.

At the time of the amended complaint, Plaintiff claimed that Defendant owed a principal balance of $259,700.53 with annual interest at the rate of 2.8750% accruing from June 1, 2022. *See id.* Additionally, Plaintiff claims that, pursuant to the terms of the note and mortgage, Defendant owes late charges, monies advanced for taxes, assessments, insurance, maintenance and preservation of the Property, and the cost, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure. *See id.* Plaintiff alleges that it complied with the notice provisions of the mortgage and section 1304 of the RPAPL and filed information required under section 1306 of the RPAPL. *See id.* at ¶ 12.

On October 30, 2023, Plaintiff filed with the Court affidavits of service, attesting that the summons and amended complaint together with the notice required by RPAPL §§ 1303, 1320, and a New York Civil Practice Law and Rules ("CPLR") § 3012-b Certificate of Merit were properly served on Defendant. *See* Dkt. No. 21-2 at ¶ 3. Specifically, Defendant was served via Publication pursuant to Publication Orders dated June 2, 2023, and July 13, 2023. *See* Dkt. Nos. 8, 13, 25-13.

Defendant failed to respond to the complaint or otherwise appear in this action. On

2

October 30, 2023, Plaintiff requested that the Clerk of the Court enter a certificate of entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 55.1(b) ("Local Rule"). *See* Dkt. No. 21. The Clerk entered the requested default in Plaintiff's favor on November 2, 2023. *See* Dkt. No. 22. Plaintiff moved for a default judgment pursuant to Rule 55(a)(2) of the Federal Rules of Civil Procedure on November 29, 2023. *See* Dkt. No. 25. For the following reasons, that motion is granted.

## II.  DISCUSSION

A.  **Entry of Default Judgment**

"Rule 55 sets forth a two-step process that first requires the entry of a default through a notation on the record that the party has defaulted, and then entry of a default judgment, which is the final action in the case." *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 346 (E.D.N.Y. 2009). The court clerk must enter the default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In addition, Local Rule 55.1 requires

> [a] party applying to the Clerk for a certificate of entry of default pursuant to Fed. R. Civ. P. 55(a) shall submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action as provided in the Federal Rules of Civil Procedure and (3) it has properly served the pleading to which the opposing party has not responded.

"After a default has been entered against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), a default judgment may be entered." *La Barbera*, 666 F. Supp. 2d at 347 (citing Fed. R. Civ. P. 55(b)). Further procedural requisites are

imposed by Local Rule 55.2, requiring a party to submit the entry of default, a proposed default judgment, a copy of the pleading, and an affidavit setting forth the following:

> 1. The party against whom it seeks judgment is not an infant or an incompetent person;
>
> 2. The party against whom it seeks judgment is not in the military service, or if unable to set forth this fact, the affidavit shall state that the party against whom the moving party seeks judgment by default is in the military service or that the party seeking a default judgment is not able to determine whether or not the party against whom it seeks judgment by default is in the military service;
>
> 3. The party has defaulted in appearance in the action;
>
> 4. Service was properly effected under Fed. R. Civ. P. 4;
>
> 5. The amount shown in the statement is justly due and owing and that no part has been paid except as set forth in the statement this Rule requires; and
>
> 6. The disbursements sought to be taxed have been made in the action or will necessarily be made or incurred.

In this case, Plaintiff has complied with the default procedural requirements. Plaintiff submitted an application to the court clerk in compliance with Fed. R. Civ. P. 55(a) and Local Rule 55.1 establishing that Defendant is not an infant, in the military, or incompetent person; Defendant has failed to plead or otherwise defend the action; and Plaintiff has properly served the pleadings to which Defendant has not responded. *See* Dkt. No. 21-2. A default was entered by the Clerk of the Court on November 2, 2023. *See* Dkt. No. 22.

Further, Plaintiff has complied with Fed. R. Civ. P. 55(b) and Local Rule 55.2(b). In support of Plaintiff's motion for default judgment, Plaintiff has submitted the Clerk's certificate of entry of default, *see* Dkt. No. 25-18, a proposed form of default judgment, *see* Dkt. No. 25-1, a copy of Plaintiff's summons and complaint, *see* Dkt. No. 25-7, and an affidavit from a

representative of Plaintiff, *see* Dkt. No. 25-3. Having found that Plaintiff has complied with the procedural requirements for a default judgment, the Court turns its attention the to substance of Plaintiff's motion for default judgment.

The Court has "significant discretion" when deciding whether to grant a default judgment and may consider numerous factors in making the decision, "including whether the grounds for default judgment are clearly established, . . . whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff has been substantially prejudiced by the delay involved, and how harsh an effect a default judgment might have on the defendant." *La Barbera*, 666 F. Supp. 2d at 347; *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 131 (2d Cir. 2011); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011). Additionally, the factors relevant to setting aside an entry of default for good cause pursuant to Fed. R. Civ. P. 55(c) – the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted – also guide the court's decision on the entry of default judgment. *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170 (2d Cir. 2001); *Rodriguez*, 784 F. Supp. 2d at 123. The Court is mindful that default judgments are an extreme remedy and are generally disfavored. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). It is preferred that disputes be resolved on the merits of each case. *See id.* at 95-96. Accordingly, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* at 96.

**B.     Article 13 of the RPAPL**

In New York, mortgage foreclosure actions are governed by Article 13 of the RPAPL. *See* N.Y. R.P.A.P.L. § 1301 *et seq.*; *Putnam Cty. Sav. Bank v. Bagen*, 185 B.R. 691, 696-97

(Bankr. S.D.N.Y. 1995).  In addition to the common-law elements of (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt, *see U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 Fed. Appx. 30, 32 (2d Cir. 2012) (citing *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997)), the RPAPL requires the service of statutory notice on the mortgagor prior to commencing an action, *see* RPAPL § 1304(3); the service of statutory notice on the mortgagor with the summons and complaint, *see* RPAPL § 1303(4); the filing of required information with the superintendent of the New York State Department of Financial Services, *see* RPAPL § 1306(5); and the filing of notice of pendency, *see* RPAPL § 1331.  Section 1331 of the RPAPL requires that "[t]he plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording."  In addition, the notice of pendency must be filed with a copy of the complaint, unless the complaint has already been filed in that county.  *See* CPLR § 6511(a).

In the present case, Plaintiff has established the common-law elements of a foreclosure action within its complaint.  *See* Dkt. No. 9.  Plaintiff has also submitted evidence of its compliance with Article 13 of RPAPL.  On review of that evidence, the Court finds that Plaintiff has complied with the RPAPL requirements set forth in sections 1303, 1304, and 1306.  *See* Dkt. No. 25-17 at 3; Dkt. No. 1 at ¶ 12.  Plaintiff's notice of pendency, filed with the clerk of Oneida County, states that Plaintiff's foreclosure action against Defendant was filed in the United States District Court for the Northern District of New York.  *See* Dkt. No. 25-15.  Additionally, Plaintiff's attorney has submitted an affidavit confirming that a copy of the complaint filed with this Court was filed with the notice of pendency as required by CPLR Article 65.  *See* Dkt. No.

25-2 at 4; Dkt. No. 25-4 at ¶ 16.

The Court finds that Plaintiff's notice of pendency is effective, and Plaintiff has complied with the statutory requirements of Article 13 of the RPAPL for the foreclosure of the mortgage at issue in this action.  The Court further finds that no material issues of fact remain and that, based upon the notice that has been provided to Defendant up to this point, Defendant is willful in his default.

**C.     Damages, Costs, and Fees**

Included with its motion for default judgment, Plaintiff has requested $5,650.00 in attorneys' fees and $1,776.33 in costs.  *See* Dkt. Nos. 25-4, 25-20.  As to the attorneys' fees, Plaintiff agreed to a flat fee rate of $5,650.00, which "reflects a common standard rate requested by counsel representing plaintiffs for similar legal work in Oneida County." Dkt. No. 25-20 at ¶ 5. Further, Plaintiff's counsel notes that "[b]ecause this office charges a flat fee for foreclosure work, individual time sheets are not maintained." *Id.* at ¶ 6.  Instead of providing contemporaneous time records, Plaintiff's counsel provides a generalized list of services that it performed.  *See id.*

As Plaintiff notes, the note and mortgage both provide for an award of attorneys' fees. However, the Second Circuit has long required that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . document the application with contemporaneous time records . . . [that] specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *see also Wilmington Savings Fund Society, FSB v. White*, No. 17-CV-2288, 2023 WL 3765157, *3 (E.D.N.Y. May 11, 2023).  "'In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous

7

time records specifying relevant dates, time spent and work done.'" *Nationstar Mortgage LLC v. Atanas*, 285 F. Supp. 3d 618, 624 (W.D.N.Y. 2018) (quotation and other citation omitted).  This information allows the court to perform the required "lodestar" calculation and determine a presumptively reasonable fee, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

Here, Plaintiff's counsel merely set forth a non-comprehensive list of tasks performed in connection with this litigation, without specifying who performed the work, the hourly rate, or the date on which each task was performed.  Without such information, the Court is unable to pass on the reasonableness of the proposed fee.  While courts are given significant discretion in the determination of a reasonable attorneys' fee, they are bound to comply with the legal standard that has been in place in this Circuit for many decades.  Accordingly, the Court finds that Plaintiff's request for attorneys' fees must be denied without prejudice to renew.  In so doing, counsel should be mindful that the courts view non-contemporaneous, post-hoc recreations of time records with skepticism.[1]  *See Handschu v. Special Services Division*, 727 F. Supp. 2d 239, 249 (S.D.N.Y. 2010).

---

[1] The Court finds that this result is particularly appropriate in the present matter because Plaintiff's counsel (Frenkel Lambert Weiss Weisman & Gordon) have been repeatedly put on notice that courts are generally unwilling to grant an award of attorneys' fees pursuant to a flat fee arrangement when the request for attorneys' fees is unaccompanied by contemporaneous time records.  *See, e.g.*, *Freedom Mortgage Corp. v. Mattie*, No. 6:23-CV-00458, 2024 WL 2958423, *4 (N.D.N.Y. June 12, 2024) (recommending that the application for attorneys' fees from Frenkel Lambert Weiss Weisman & Gordon be denied because counsel failed to submit, among other things, contemporaneous time records); *Freedom Mortgage Corp. v. Roman*, No. 1:23-CV-143, 2023 WL 9539655, *6 (W.D.N.Y. Oct. 31, 2023) (same); *Freedom Mortgage Corp. v. Bushey*, No. 23-CV-6192, 2023 WL 8230173, *3 (W.D.N.Y. Nov. 28, 2023) (same).  Even when courts have awarded attorneys' fees to Plaintiff's counsel on a record substantially similar to the present matter, they have typically reduced the requested fee by 50%, noting counsel's failure to provide contemporaneous time records "and the inauspicious quality of plaintiff's motion." *E.g.*, *Freedom*

Plaintiff also seeks $1,776.33 in costs. Plaintiff submits a bill of costs requesting $402.00 for the filing fee, 675.00 for service of process fees, $303.28 for service by publication fees, $60.00 for skip trace fees, $300.00 for Guardian Ad Litem and Military Attorney fees, and $36.05 for the filing of the Notice of Pendency. *See* Dkt. No. 25-19 at 1. The Court finds that these costs are reasonable. *See Freedom Mortgage Corp. v. McLain*, No. 23-CV-8473948, 2023 WL 8473948, *8 (E.D.N.Y. Oct. 12, 2023). Accordingly, the Court awards Plaintiff costs in the amount of $1,776.33.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, Plaintiff's submissions, and the applicable law, and for the foregoing reasons, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **GRANTED**; and the Court further

**ORDERS** that Judgment of Foreclosure and Sale is entered against Henry F. Wagner in the amount of $282,373.28 with an unpaid principal balance of $259,700.53 as of November 16, 2023, with contractual interest at the rate of 2.875%, until entry of this order and the statutory rate thereafter; and the Court further

**ORDERS** that upon said testimony and exhibits, that the amount due Plaintiff on the Note and Mortgage is $259,700.53, together with interest as specified herein, and that the mortgaged property at 22 Navara Street, Kingston, New York 12401, cannot be sold in parcels; and the Court further

**ORDERS** that the Property shall be sold pursuant to RPAPL § 1351, a deed be issued in accordance with RPAPL § 1353(1), and that the sale proceeds be distributed in accordance with

---

*Mortgage Corp. v. D'Amato*, No. 22-CV-7804, 2024 WL 1051129, *6 (E.D.N.Y. Jan. 22, 2024).

RPAPL § 1354; and the Court further

**ORDERS** that the Property be sold in one parcel at public auction to the highest bidder, as authorized under RPAPL § 231(1), at a public auction at the Ulster County Courthouse, 285 Wall Street, Kingston, New York, or another suitable location, by and under the direction of Keith P. Byron, Esq. 220 Willow Lane, Clifton Corners, New York 12514-2423, who is hereby appointed Referee to effectuate the sale of the Property; that public notice of the time and place of the sale be made by the Referee in compliance with RPAPL § 231; that the Referee post copies of the Notice of Sale in Daily Freeman in compliance with RPAPL § 231; and the Court further

**ORDERS** that the Referee shall require the successful bidder, if any, to immediately execute Terms of Sale for the purchase of the premises and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff, in which case no deposit against the purchase price shall be required; and the Court further

**ORDERS** that in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject premises or fails to immediately pay the ten percent (10%) deposit as required, the premises shall immediately and on the same day be reoffered at auction; and the Court further

**ORDERS** that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine and the closing of title and filing of the Referee's deed shall be made within thirty (30) days after such sale unless otherwise stipulated to by all parties; and the Court further

**ORDERS** that the Property be sold in "as is," subject to the following:

    (a) Rights of the public and others in and to any part of the Property that lies within the bounds of any street, alley, or highway; restrictions and easements of record;

   (b) Any state of facts that an accurate, currently dated survey or inspection of the premises might disclose;

   (c) Any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, any building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same;

   (d) Rights of tenants, persons in possession of the subject premises, if any.  It shall be the responsibility of the purchaser to evict or remove any parties in possession of the Property being foreclosed;

   (e) Any prior liens of record, if any, except those liens addressed in RPAPL § 1354;

   (f) The right of redemption of the United States of America to redeem the premises within one hundred twenty (120) days from the date of sale, if any.  Risk of loss shall not pass to purchaser until closing of title; and the Court further

 **ORDERS** that the terms of sale, to the extent they do not contradict this judgment or violate any law, shall be binding in all respects on the purchaser; and the Court further

 **ORDERS** that after sale the Referee shall deposit, in their name as Referee, the initial bid deposit in their IOLA or Separate Account, in a bank or trust company authorized to transact business in New York.  This account shall be used solely to complete the closing of the sale and payment of the items referenced herein as needed; and the Court further

 **ORDERS** that in accordance with RPAPL § 1351(1), upon payment of the purchase price the Referee execute a deed to the purchaser; and the Court further

 **ORDERS** that in accordance with RPAPL § 1354, upon payment of the purchase price the Referee is directed to make the following payments or allowance from the sale proceeds:

1st: Payment pursuant to CPLR § 8003(b) to the Referee not exceeding $750.00, which represents the statutory fees and commissions for conducting the sale of the subject Property.  In the event a scheduled sale is cancelled or postponed by a person or entity other than the Referee, pursuant to CPLR § 8003(a) the plaintiff shall pay to the Referee the sum of $250.00 for each adjournment or cancellation.  Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff.  This Judgment of Foreclosure and Sale constitutes the necessary prior authorization for compensation as set forth herein.  No compensation totaling in excess of $1,100.00, including compensation authorized pursuant to CPLR § 8003(a) for computation of the sum due to Plaintiff may be accepted by the Referee without Court approval;

2nd: Payment by the Referee for the reasonable expenses of the sale, including the costs of advertising or posting as listed on bills submitted to and certified by the Referee to be correct, copies of which shall be annexed to the Report of Sale.  The Referee shall not be held responsible for the payment of penalties or fees pursuant to the appointment.  The purchaser shall hold the Referee harmless from any such penalties or fees assessed;

3rd: Payment of all taxes, assessments, sewer rents, water rates, and any other charges placed upon the premises by any municipal authorities having priority over the foreclosed mortgage and that are liens upon the property at the time of sale, with such interest or penalties which may lawfully have accrued thereon to the day of payment;

4th: Payment to Plaintiff or his attorneys for the following: (1) the sum of

$1,716.33 for costs and disbursements in this action to be taxed by the Clerk, with interest from the date hereof; (2) the amount due Plaintiff in the sum of $282,373.28 including interest at the Note rate (2.875%) pursuant to the terms of the Note, from November 17, 2022 to the date of entry of this Judgment and, thereafter at the statutory rate provided for by 28 U.S.C. § 1961(a) until the date of transfer of the Referee's Deed, or so much thereof as the purchase money of the mortgaged premises will pay of the same; (3) the amount of any advances provided for in the Note and Mortgage that Plaintiff may have made for taxes and insurance, and amounts due to prior mortgagors, upon presentation to the Referee of receipts for these expenditures; and (4) the amount of any advances provided for in the Note and Mortgage that Plaintiff reasonably may have made to maintain the premises pending consummation of the foreclosure sale upon presentation to the Referee of receipts for these expenditures; and the Court further

**ORDERS** that Plaintiff may, after entry of this judgment, make all necessary advances for inspections and maintenance of the Property, taxes, insurance premiums or other advances necessary to preserve the Property, whether or not said advances were made prior to or after entry of judgment, so long as said advances are not included in the amount due Plaintiff awarded herein, and that the Referee be provided with receipts for said expenditures, which amounts together with interest thereon at the Note rate from the date of the expense until the date of entry of this Judgment, then with interest at the Judgment rate until the date of transfer of the Referee's Deed shall be included in the amount due Plaintiff; and the Court further

**ORDERS** that if Plaintiff is the purchaser at sale, the Referee shall not require Plaintiff to pay either a deposit or the bid amount but shall execute and deliver to Plaintiff a Deed of the

premises sold, upon the payment of the sum awarded under the above provisions marked "1st," "2nd," and "3rd," for conducting the sale of the subject Property if such expenses were paid by the Referee, or in lieu of the payment of the last mentioned amounts, upon filing with the Referee receipts of the proper municipal authorities showing payment thereof.  The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee shall be allowed to Plaintiff and applied by the Referee upon the amounts due to Plaintiff as specified in item marked "4th."  If upon applying the balance of the amount bid, there is a surplus over the and above the amounts due to Plaintiff, then upon delivery to Plaintiff of the Referee's deed, Plaintiff shall pay to the Referee the amount of such surplus, which amount shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351(3), and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the premises pursuant to RPAPL § 1354(3), which payment shall be reported in the Referee's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL § 1354(4) and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by Plaintiff at the time of the sale; and the Court further

**ORDERS** that transfer tax is not a lien upon the Property or an expense of sale, but rather an expense of recording the deed.  All expenses of recording the Referee's Deed shall be paid by the purchaser and not the Referee from sale proceeds.  Purchaser shall be responsible for interest accruing on real property taxes after the date of the foreclosure sale; and the Court further

**ORDERS** that the purchaser or purchasers at such sale be let into possession on producing the Referee's Deed; and the Court further

**ORDERS** that the Defendant(s) in this action and all persons claiming under him, after the filing of such Notice of Pendency of this action, be and they hereby are, barred and foreclosed

of all right, claim, lien, title, interest and equity of redemption in the said Property and each and every part thereof; and the Court further

**ORDERS** that the liens of Plaintiff other than the Mortgage or Mortgages that are the subject matter of this action are also foreclosed herein as though Plaintiff was named as a party Defendant, specifically reserving to Plaintiff its right to share in any surplus monies as a result of such position as a lien creditor; and the Court further

**ORDERS** that the Referee shall complete the Foreclosure Action Surplus Monies Form to be filed by Plaintiff herein; and the Court further

**ORDERS** that the Referee shall take and file with the Referee's Report of Sale in accordance with RPAPL § 1355(1) Plaintiff's receipt(s) for the amounts paid as directed in item marked "4th," and shall deposit the surplus monies, if any, with the Oneida County Treasurer/Clerk, to the credit of this action, within five (5) days after receipt unless such period is deemed extended by the filing of an application for additional compensation, to be withdrawn only upon order of the Court; and the Referee shall make the Referee's Report of Sale under oath showing the disposition of the proceeds of the sale accompanied by the vouchers of the person(s) to whom payment was made and file with the Court within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser or within thirty (30) days of a decision of this Court with respect to any application for additional compensation; and the Court further

**ORDERS** that by accepting this appointment, the Referee certifies that they are qualified for appointment in compliance with all applicable rules governing the qualification of court-appointed referees; and should the Referee be disqualified from appointment pursuant to the provisions of such rules, the Referee shall promptly notify the Appointing Judge.  The appointee shall not receive any fee before filing the report of sales; and the Court further

**ORDERS** that the Referee shall not accept or retain any funds for themselves or pay any funds to themselves except as may comply with all applicable rules and the conditions of this decision; and the Court further

**ORDERS** that if the proceeds of the sale are insufficient to pay the amount reported by the Referee as due to Plaintiff, Plaintiff may apply to the Court to recover the whole or such part of the deficiency as prescribed by RPAPL § 1371; and the Court further

**ORDERS** that a copy of this Judgment of Foreclosure and Sale with notice of entry shall be served no less than thirty (30) days prior to sale upon the designated Referee, the owner of the equity of redemption as of the date of this Judgment of Foreclosure and Sale, any tenants named in this action, and any other party entitled to notice; and the Court further

**ORDERS** that Plaintiff shall serve a copy of the Notice of Sale upon the owner of equity of redemption at the owner of equity of redemption's last known address and at the property address, and an affidavit of such service shall be filed at least ten (10) days prior to the scheduled sale; and the Court further

**ORDERS** that the Ulster County Clerk is hereby directed to record a copy of this Judgment against the land records for the subject property; and the Court further

**ORDERS** that Plaintiff's request for attorneys' fees is **DENIED without prejudice to renew**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 2, 2024
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge